UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| emoji company GmbH,<br><br>        Plaintiff(s),<br><br>        v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A,<br><br>        Defendant(s). | 26-CV-5364 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On June 25, 2026, Plaintiff emoji company GmbH moved the Court, ex parte, for a temporary restraining order against 118 defendants. ECF No. 6. The motion is **DENIED.**

Plaintiff alleges infringement of its mark "Emoji," in violation of the Lanham Act and New York State law. ECF No. 1. Among other things, Plaintiff seeks an order authorizing alternative service and temporarily restraining each of the defendants from manufacturing, marketing, selling, or otherwise dealing in products either bearing the Emoji mark or being used in connection with it. ECF No. 8.

"A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly." *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y 1997) (citing *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991)). To succeed on a motion for a temporary restraining order, a party "must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. 2020).

Plaintiff has failed to show a likelihood of success on the merits. To state a claim for infringement under Section 32(a) of the Lanham Act and false designation of origin under 43(a), a plaintiff must satisfy a "familiar two-prong test." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 440 (S.D.N.Y. 2017); *see also Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) ("[I]it is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act are the same as for trademark infringement claims under Section 32.") (cleaned up). First, a plaintiff must establish that the mark is entitled to protection. *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 486 (S.D.N.Y. 2008). Next, the court must determine whether defendants' use of the mark is likely to cause consumer confusion as to the origin or sponsorship of the defendant's goods. *Id.*; *see also Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) ("The crucial issue in an action for trademark infringement is whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."). Here, Plaintiff has shown that it likely has valid marks entitled to protection given that its marks have been registered. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000). Plaintiff has not, however, established that Defendants' use of the mark is likely to cause confusion.

Plaintiff primarily argues that, because the marks are counterfeit, the marks are inherently confusing. ECF No. 8, at 28. It is not, however, "necessarily a foregone conclusion . . . that the use of the counterfeit mark[] is inherently confusing." *Chrome Hearts LLC v. Controse Inc.*, No. 21 Civ. 6858, 2023 WL 5049198, at *12 (S.D.N.Y. Aug. 8, 2023); *see also Emoji Company GmbH v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 26 Civ. 1376, 2026 WL 594186, at *1 (S.D.N.Y. March 3, 2026). Courts look to eight factors, known as the *Polaroid* factors, to determine likelihood of

confusion: "(1) the strength of the senior mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap"; (5) actual confusion; (6) the defendant's good faith (or bad faith) in adopting its own mark; (7) the quality of defendant's product; and (8) the sophistication of the buyers." *Savin Corp.*, 391 F.3d at 456; *see also Polaroid Corp. v. Polaroid Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). No one factor is dispositive, however "in an appropriate case, the 'similarity of the marks' factor can be dispositive . . . if the court is satisfied that the marks are so dissimilar that no question of fact is presented." *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000).

Plaintiff has failed to show that the marks used by Defendants are similar; indeed, many of the marks are so dissimilar that the Court lacks the confidence required for the extraordinary remedy of a temporary restraining order that a factfinder would find in Plaintiff's favor. Plaintiff notes that, "'[w]here the marks are identical, and the goods are also identical and directly competitive,' a conclusion of likelihood of confusion will follow." ECF No. 8, at 29 (citing *Topps Co. Inc. v. Gerrit J. Verburg Co.*, No. 96 Civ. 7302, 1996 WL 719281, at *6 (S.D.N.Y. Dec. 13, 1996)). Here, however, the goods appear to be far from identical. For example, Defendant 2 sells a shower curtain with a lifelike image of man screaming. ECF No. 16-3, at 2. It is difficult to imagine how any consumer would be confused that the source of this product is Plaintiff, whose products use highly stylized, cartoon-like images of disembodied smiley faces. *See e.g.*, ECF No.

9-3.[1]  Accordingly, Plaintiff has not shown it is likely to succeed on the merits and thus has not shown it is entitled to a temporary restraining order against all Defendants.[2]

The Court acknowledges that *some* Defendants appear to sell some products that may confuse the consumer.  However, joinder of the Defendants appears to be improper.  Under Rule 20, Defendants may be joined when two conditions are met: 1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."; *and* 2) questions of law or fact are common to all defendants.  Fed. R. Civ. P. 20(a)(2).  Plaintiff dedicates the entirety of its briefing on the first prong of the joinder test, ECF No. 8 at 52-55, but both criteria are required, and, as discussed above, Plaintiff has not convinced the Court that there are common issues of fact among all Defendants.  And, "[w]hile severance may be appropriate, the Court will not decide the issue at this early stage of the litigation, on a motion for emergency relief, and without the benefit of full briefing on the issue." *Coronel*, 449 F. Supp. 3d., at 280.  Further, given the number of Defendants, it would not serve judicial economy for the Court to attempt such severance.  *Cf. Golden Goose Deluxe Brand v. Aierbushe*, No. 19 Civ. 2518, 2019 WL 2162715, at *3-4 (S.D.N.Y. May 16, 2019) (declining to sever parties, even where the Court believed

---

[1] While too numerous to discuss in depth with respect to all products sold by all 118 Defendants, other examples of goods that represent the insufficiency of the alleged similarity include Defendant 4, selling a bathmat featuring illustrated jack-o-lanterns and smiling ghosts, ECF No. 16-3 at 28; Defendant 7, selling an abstract "glitch art poster" with no discernable faces whatsoever, ECF No. 16-4 at 16; Defendant 10, selling a pair of purple earbuds, *id.* at 28; Defendant 11, selling a digital alarm clock and nightlight roughly resembling a robot, *id.* at 32; Defendant 14, selling an alarm clock stylized as a television with antenna, ECF No. 16-5 at 13; Defendant 15, selling a shower curtain featuring an lifelike illustrated wolf, *id.* at 17; Defendant 17, selling a karaoke machine with cat ears, *id.* at 25; Defendant 18, selling a cinema light box with removable letters and symbols, *id.* at 29; and Defendant 19, selling an LED pixelated table lamp, *id.* at 33.

[2] In a single sentence, Plaintiff asserts that it is also likely to succeed on its state law claims because it has shown a likelihood of success under the Lanham Act, *see* ECF No. 8 at 33, but the Court has concluded otherwise, and Plaintiff makes no additional argument why its state law claims are likely meritorious.

their joinder was improper, prior to issuing a temporary restraining order because it concluded that doing so would not serve judicial economy).

For the reasons stated herein, the motion for temporary restraining order, ECF No. 6, is **DENIED.** Additionally, Plaintiff's motion for leave to file excess pages, ECF No. 7, is **DENIED AS MOOT**. The Court notes that Plaintiff's memorandum of law in support of its motion for temporary restraining order exceed the Court's page limits by 33 pages, and the Court is unlikely to grant such a motion in the future if requests are similarly unreasonable. Plaintiff's motion to seal, ECF No. 5, is **GRANTED**. The Court finds the documents are "judicial documents" to which a high presumption of public access attaches. *Mirlis v. Greer*, 952 F.3d. 51, 58 (2d Cir. 2020). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). While the Court denies the motion for a temporary restraining order, the Court understands that public disclosure of the information filed under seal would, at this time, "cause significant competitive harm" to Plaintiff. *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022).

Plaintiff shall, by **July 6, 2026**, file a letter on the docket proposing next steps in this litigation. The Clerk of Court is respectfully directed to close ECF Nos. 5, 6, and 7.

SO ORDERED.

Dated: June 29, 2026
    New York, New York

_____

DALE E. HO
United States District Judge

5